UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA VOUSOGHIAN, *individually, and on behalf of all others similarly situated,*<br><br>        Plaintiff,<br><br>    v.<br><br>BATH SAVER, INC. d/b/a BATH FITTER,<br><br>        Defendant | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff Sheila Vousoghian ("Ms. Vousoghian" or "Plaintiff"), individually, and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant Bath Saver, Inc. d/b/a Bath Fitter ("Bath Fitter" or "Defendant"), states as follows.

## INTRODUCTION

1.      This is a class action lawsuit seeking statutory damages and injunctive relief against Bath Saver, Inc. d/b/a Bath Fitter ("Defendant") for placing telemarketing calls and sending text messages to telephone numbers listed on the National Do Not Call Registry ("DNC") without consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations.

2.      Defendant's unlawful conduct caused Plaintiff Sheila Vousoghian and numerous consumers to suffer annoyance, invasion of privacy, and nuisance.

1

## PARTIES

3.      At all times relevant to this Complaint, Ms. Vousoghian resided in and has been a citizen of the State of Virginia.

4.      Ms. Vousoghian brings this action on behalf of herself, and all others similarly situated.

5.      Bath Fitter is a Pennsylvania corporation that has been in good standing to transact business in Pennsylvania and nationwide at all times material to this Complaint.

6.      Bath Fitter has its principal place of business at 542 Industrial Drive, Lewisberry, PA 17339.

7.      At all times relevant to this action, Bath Fitter acted through its employees, representatives, agents, members, vendors and contractors.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, a federal statute.

9.      This Court also has subject matter jurisdiction over this dispute under the Class Action Fairness Act, as the parties are minimally diverse, and the amount in controversy exceeds $5 million. See 28 U.S.C. § 1332(d)(2).

10.     Where Defendant is a citizen of the Commonwealth of Pennsylvania and maintains its headquarters and/or primary office of business in Pennsylvania, the Court has personal jurisdiction over the Parties to this matter.

11.     Defendant is also a citizen of York County, Pennsylvania, which is within this District.

12.    Additionally, a substantial part of the events giving rise to the claim at issue occurred in this District.

13.    Accordingly, venue is proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## RELEVANT FACTUAL BACKGROUND

14.    At all times relevant to this Complaint, Ms. Vousoghian was the subscriber and regular user of wireless telephone number ending in 0869.

15.    Ms. Vousoghian used and continues to use her cell phone for residential purposes, namely, to communicate with family members.

16.    Ms. Vousoghian's cell phone is registered in her individual name, and not in the name of a business.

17.    To obtain solitude from unwanted telemarketing calls, she registered her number ending in 0869 on the National Do Not Call Registry on March 12, 2020.

18.    Bath Fitter describes its business model as offering "quality, customized bathroom remodeling products and services."

19.    Bath Fitter further boasts that it is "North America's leading acrylic bathtub, shower enclosure and tub-to-shower conversion company."

20.    Defendant has long engaged in aggressive telemarketing. To this end, Bath Fitter has settled at least one class action lawsuit involving telemarketing calls it placed to persons whose phone numbers were registered on the DNC List. *See Miller v. Bath Saver, Inc. et al.,* Case No. 1:21-cv-1072-JPW (M.D. Pa. Mar. 6, 2023).

21.    This Court granted final approval of the settlement and enter judgment against Defendant on March 6, 2023.

22.    Even after judgment was entered against Defendant, it continued to engage in its aggressive telemarketing practices as to Ms. Vousoghian and the putative class members.

23.    Specifically, in June of 2024, Bath Fitter engaged in an aggressive unsolicited campaign of telemarketing calls and texts to Ms. Vousoghian.

24.    Despite her number being on the DNC Registry for more than 31 days, Ms. Vousoghian received multiple telemarketing communications from Defendant.

25.    On or about June 5, 2024 at 11:22AM, Plaintiff received a prerecorded voicemail from Defendant's customer care department promoting its bathroom remodeling services. The voicemail stated it was calling to schedule a "Pre-Installation Review Appointment" for a "new bathroom" and provided a call-back number (888) 235-8190.

26.    The undersigned confirmed that upon calling that number, (888) 235-8190, is in fact, associated with Bath Fitter.

27.    Calling (888) 235-8190 triggers a prerecorded greeting identifying the line as belonging to Bath Fitter, stating: *"Thank you for calling the customer care department at Bath Fitter…"*

28.    The voicemail was not placed for emergency purposes and was clearly a telemarketing message.

29.    On or about the same date, Ms. Vousoghian also received a text message from Bath Fitter containing similar language, urging her to schedule the same appointment:



30.    Ms. Vousoghian had never previously done business with Bath Fitter, nor had she provided prior express written consent, or any form of consent, for Defendant to call her phone.

31.    On information and belief, Bath Fitter attempted to call and text Ms. Vousoghian and the putative class members for the purpose of selling its products and services.

32.    Bath Fitter's conduct violated the privacy rights of Ms. Vousoghian and the putative class members, as they were subjected to annoying and harassing phone calls. Defendant's phone calls intruded upon the rights of Ms. Vousoghian and the putative class members to be free from invasion of their interest in seclusion.

33.    Bath Fitter's conduct caused Ms. Vousoghian and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

34.    On information and belief, Bath Fitter placed calls to Ms. Vousoghian and the putative class members for the purpose of selling its products and services.

## DIRECT AND VICARIOUS LIABILITY

35.    Without having had the benefit of discovery to show otherwise, Ms. Vousoghian understands and therefore avers that Bath Fitter is directly liable for the unsolicited calls because they were made directly by Bath Fitter

36.    Alternatively, if some or all of the calls were made by third party/parties on behalf of Bath Fitter, then Bath Fitter is vicariously liable for those calls.

37.    On May 9, 2013, the FCC determined that this was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy. 38

*In re: Dish Network, LLC*, 28 FCC Rcd 6574 at 6588 (F.C.C. May 9, 2013) (internal citations omitted).

38.     Moreover, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. Id., at 6587.

39.     The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." Id., at 6593.

40.     Defendant Bath Fitter may have hired, encouraged, permitted, and enjoyed the benefits of mass telemarketing by third-party telemarketers that are currently unknown to Ms. Vousoghian and only known to Bath Fitter.

41.     While Plaintiff alleges Bath Fitter is directly liable based on what she knows and understands at this time, if she learns the calls were made by agent(s) acting on Bath Fitter's behalf, Plaintiff will seek to hold Bath Fitter vicariously liable for those calls.

## CLASS ALLEGATIONS

42.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

43.    Plaintiff seeks to represent the following class: All persons in the United States: (a) whose telephone numbers were registered on the National Do Not Call Registry for at least 31 days prior to the first call; (b) who received more than one telemarketing call or text within a 12-month period from Defendant; (c) without their prior express written consent; (d) within the four years preceding the filing of this action.

44.    Excluded from the Class are Defendant, its officers, directors, employees, and agents, as well as the Court and its staff.

45.    Plaintiff reserves the right to modify or expand the Class definition during discovery.

46.    Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

47.    On information and belief, Defendant has called and continues to call people whose phone numbers are on the National Do-Not-Call Registry. It is reasonable to expect that Defendant will continue to place such calls absent this lawsuit.

48.    Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a.    Whether Defendant placed phone calls / texts to persons whose phone numbers were listed on the National Do-Not-Call Registry;

b.    Whether the subject calls were "solicitations" as defined by the TCPA;

c.    If calls were made by third-parties, whether an "agency" relationship exists between Defendant and those third-parties;

d.    Whether Defendant's conduct violates 47 U.S.C. § 227(c); e

e.    Whether Defendant's conduct violates the rules and regulations implementing the TCPA; and,

f.    Whether Defendant's violations were of a nature that would render said violations "willful" or "knowing" under the TCPA.

49.    Plaintiff's claims are typical of the claims of the proposed class members because her claims arise from the same practice that gives rise to the claims of the members of the proposed class and are based on the same legal theories.

50.    Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class she seeks to represent.

51.    Plaintiff has retained lawyers who are competent and experienced in class action litigation, TCPA litigation and consumer law.

52.    Plaintiff's counsel will vigorously litigate this case as a class action, and Plaintiff and her counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

53.     A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For most members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

54.     In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

55.     Questions of law and fact, particularly the propriety of placing telemarketing phone calls to persons whose phone numbers are on the National Do Not-Call Registry, predominate over questions affecting only individual members.

56.     Defendant has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

## CAUSES OF ACTION

### Count I – Violation of the TCPA, 47 U.S.C. § 227(c)
(National Do Not Call Registry Violations)

57.     Plaintiff incorporates the foregoing paragraphs.

58.     The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may recover $500 for each violation,

and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

59.     The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

60.     In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA and the TCPA's regulations prohibiting calls to phone numbers that are registered on the National Do-Not-Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

61.     By placing phone calls and text messages to the phones of Plaintiff and the putative class members after their numbers were registered on the National Do-Not-Call Registry, Defendant violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

62.     Defendant knew or should have known that Plaintiff and the putative class members did not wish to receive phone calls and/or texts as such persons' phone numbers were registered on the National Do-Not-Call Registry.

63.     Plaintiff and the putative class members are entitled to damages of $500.00 per violation for each call placed to them in violation of the TCPA and up to $1,500.00 per violation if the Court finds that Defendant willfully violated the TCPA.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant for:

a. Enter an order against Defendant Bath Saver, Inc. d/b/a Bath Fitter pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Plaintiff as the class representative;

b. Enter an order appointing Kazerouni Law Group, APC, as counsel for the class;

c. Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, violation of the TCPA, or up to $1,500 per violation of the TCPA if Defendant willfully violated the TCPA;

d. Enter a judgment in favor of Plaintiff and the putative class that enjoins Defendant from violating the TCPA and the TCPA's corresponding regulations prohibiting Defendant from placing phone calls to persons whose phone numbers are registered on the National Do-Not-Call Registry;

e. Award Plaintiff and the class all expenses of this action and require that Defendant pay the costs and expenses of class notice and administration;

f. Award Plaintiff and the class their court costs, and all applicable pre- and post-judgment interest; and,

g. Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
KAZEROUNI LAW GROUP, APC

By: */s/ Amy Ginsburg*
Amy Ginsburg, Esq.
amy@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (214) 880-6362
Fax: (800) 635-6425

653 W. Skippack Pike, Suite 300-71
Blue Bell, PA 19422

Attorneys for Plaintiff

Dated: August 15, 2025